951 F.2d 869
 Roger L. ALLISON, Matt Puckett, William R. Czapanskiy and
Deborah Czapanskiy, husband and wife, on behalf of
themselves and others similarly
situated, Appellants,
v.
Edward R. MADIGAN, Secretary of the United States Department
of Agriculture (USDA); Laverne Ausman, National
Administrator of the Farmers Home Administration (FmHA);
and Keith Bjerke, National Administrator of the Agricultural
Stabilization and Conservation Service (ASCS), Appellees.
 No. 90-5565.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1991.
Decided Dec. 6, 1991.
 
 Counsel who presented argument on behalf of the appellant Lynn A. Hayes, St. Paul, Minn., argued (Juliet M. Tomkins, on the brief), for appellants.
 Michael E. Robinson, Washington, D.C., argued (Stuart M. Gerson, Jerome G. Arnold and Robert S. Greenspan, on the brief), for appellees.
 Before BOWMAN, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.
 BOWMAN, Circuit Judge.
 
 
 1
 This is a case involving a challenge to the administrative offset procedures used by the Farmers Home Administration ("FmHA"). We affirm the order of the District Court[1] granting the defendants' motion for summary judgment and dismissing the plaintiffs' complaint.
 
 
 2
 The facts in this case virtually are identical to those described in Moseanko v. Yeutter, 944 F.2d 418 (8th Cir.1991), and will be described here only briefly. The named plaintiffs, like the plaintiffs in Moseanko, are farmers who had Agricultural Stabilization and Conservation Service ("ASCS")/ Commodity Credit Corporation ("CCC") payments due them offset by the FmHA. The FmHA offset these payments because the farmers were delinquent on FmHA loan payments. These offsets occurred from March 1986 until December 1987, when such procedures were suspended as a result of the filing of the suit in Moseanko, which challenged the propriety of the procedures then in use by the FmHA. In 1990, the FmHA issued a new set of regulations covering the use of administrative offsets. Included in the regulations is an opportunity for farmers who had payments offset under the old regulations to have such action reviewed by the FmHA, using the standards of the new regulations. Procedures for FmHA-initiated offset, 7 C.F.R. § 1951.104(j) (1991). If this review reveals that the original offset was erroneously taken, the farmer is entitled to a payment of the amount of the offset, plus interest. See n. 2, infra. We held in Moseanko that while the FmHA administrative offset procedures used in 1986 and 1987 violated the requirements of the Debt Collection Act, 31 U.S.C. § 3716 (1988) ("DCA"), the regulations now in force sufficiently cure any due process violations caused by the old regulations.
 
 
 3
 While the Moseanko litigation was pending, the plaintiffs filed this lawsuit, challenging both the FmHA regulations in effect in 1986 and 1987, and the new regulations issued in 1990. The plaintiffs alleged that the old regulations violated both the DCA and numerous administrative regulations, that the new regulations were not sufficient to "cure" these violations, and that the new regulations themselves were deficient. The District Court held otherwise and granted the defendants' motion for summary judgment.
 
 
 4
 On appeal, the plaintiffs raise four arguments: 1) the District Court erred in holding that any violations of the DCA or administrative regulations by the old FmHA regulations are cured by the regulations issued in 1990; 2) the District Court erred in holding that the guidelines and standards provided to FmHA county supervisors regarding offset determinations to be made pursuant to the 1990 regulations are neither arbitrary nor capricious; 3) the District Court wrongfully held that any violations of the plaintiffs' due process rights that occurred as a result of the old regulations were cured by the new regulations; and 4) the District Court erred in holding that the use of case-by-case reviews of offsets taken pursuant to the old regulations, instead of a wholesale reversal of these offsets, is neither arbitrary nor capricious.
 
 
 5
 The plaintiffs' first and third claims can be disposed of quickly. We held in Moseanko that even if the old FmHA regulations violated the plaintiffs' due process rights, the opportunity for review provided by the 1990 regulations "most fairly balances [the farmers'] rights under the due process clause and the government's interest in collecting delinquent debts by way of offset" and thereby upheld the district court's dismissal of the action. Moseanko, 427. The plaintiffs' third claim therefore is precluded. It follows also that even though the old FmHA offset regulations "violated the express language of the Debt Collection Act," Moseanko, at 428, and may have violated Agriculture Department regulations and the Federal Claims Collection Standards, the opportunity for review provided by the new regulations sufficiently cures those violations. If a post-deprivation hearing is an adequate remedy for Due Process Clause violations, such a hearing also remedies any violations of a statute and regulations that do not provide a remedy. Accordingly, the plaintiffs' first claim is denied.
 
 
 6
 The plaintiffs also contend that the new regulations issued by the FmHA constitute an abuse of agency discretion because the FmHA county supervisors are given the discretion to make individual offset feasibility decisions without adequate guidelines. We will set aside administrative regulations only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (1988) ("APA"). Our review of FmHA's regulations "is a narrow one. We must avoid substituting our judgment for that of the agency. It is particularly important to adhere to that standard when an agency has been called upon to weigh the costs and benefits of alternative policies." Competitive Enter. Inst. v. NHTSA, 901 F.2d 107, 120 (D.C.Cir.1990) (citation omitted).
 
 
 7
 The DCA requires that before an offset is initiated
 
 
 8
 the head of an executive or legislative agency must prescribe regulations on collecting by administrative offset based on--
 
 
 9
 (1) the best interests of the United States Government;
 
 
 10
 (2) the likelihood of collecting a claim by administrative offset; and
 
 
 11
 (3) for collecting a claim by administrative offset after the 6-year period for bringing a civil action on a claim under section 2415 of title 28 has expired, the cost effectiveness of leaving a claim unresolved for more than 6 years.
 
 
 12
 31 U.S.C. § 3716(b). The plaintiffs claim that the guidelines provided to FmHA county supervisors to aid in the determination of when to initiate an administrative offset are not sufficiently detailed to provide for rational, non-arbitrary decisions. This complaint is ill-founded. FmHA's new offset regulations direct that administrative offsets will be used "only where it is feasible," 7 C.F.R. § 1951.103(d) (1991), and "only where it is in the best interests of the Government." 7 C.F.R. § 1951.103(e). The regulations provide an example of when an offset would not be feasible, 7 C.F.R. § 1951.103(d), and numerous examples of when an offset would or would not be in the best interests of the United States. 7 C.F.R. § 1951.102(b) (1991) & 7 C.F.R. § 1951.103(e). These regulations are neither arbitrary nor capricious, nor do they provide insufficient guidance to the county supervisors charged with implementing the offset procedures. The fact that the regulations do not spell out in exacting detail the procedures to be followed by the county supervisors does not give rise to a violation of the APA. Cf. Central & S. Motor Freight Tariff Ass'n v. United States, 757 F.2d 301, 321-22 (D.C.Cir.) ("Deference is particularly appropriate when--as here--the delegation of ... power [to an agency] is very broad and necessarily involves the administrative weighing of the costs and benefits of regulation."), cert. denied, 474 U.S. 1019, 106 S.Ct. 568, 88 L.Ed.2d 553 (1985).
 
 
 13
 Finally, the plaintiffs claim that the decision by the FmHA to review offset decisions made pursuant to the old regulations on a case-by-case basis is arbitrary and capricious. The plaintiffs contend that every offset decision made under the old regulations is deficient when reviewed under the new regulations; therefore, they argue, the FmHA acted arbitrarily and capriciously by requiring individual hearings when every hearing must necessarily result in the same decision. This is a misinterpretation of the new regulations, however. The new regulations allow someone against whom offset action was taken to request an "administrative hearing in accordance with the provisions of this regulation" if the debtor believes the offset action was taken in violation of the new regulations. 7 C.F.R. § 1951.104(j). This regulation does not mean that every debtor who requests a hearing will prevail, but only that the debtor is entitled to a hearing which is to be conducted using the new regulations.
 
 
 14
 According to the new regulations, this administrative hearing may cover "any reasons why administrative offset should not be used." 7 C.F.R. § 1951.104(a)(3) (1991). A debtor may "present any evidence or arguments as to why administrative offset should not be used." 7 C.F.R. § 1951.104(e) (1991). The debtor is also entitled to an appeal from this hearing. 7 C.F.R. § 1951.104(i) (1991). Thus, a review of an "old" offset may cover any reasons why the offset should not have been taken; whether these reasons constituted "[e]xtreme hardship or unfairness to the debtor" is within the discretion of the "County Supervisor or other decision-making official." 7 C.F.R. § 1951.104(g) (1991). Moreover, 31 U.S.C. § 3716(a)(4) of the DCA specifies that an administrative offset may be taken only after giving the debtor "an opportunity to make a written agreement with the head of the agency to repay the amount of the claim." Because the old offsets violated the DCA, the hearing should also provide an opportunity for those who had payments offset to show that had the DCA been complied with, they would have been able to enter into a repayment agreement. If this is shown, or if the debtor otherwise can show that the offset should not have been taken, 7 C.F.R. § 1951.104(e), the debtor will be entitled to a refund of the offset, plus interest. 7 C.F.R. § 1951.105(b)(3) (1991).[2] Thus, it is clear that the decision to conduct these hearings on a case-by-case basis is neither arbitrary nor capricious.
 
 
 15
 The order of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 The debtor still will be obligated, of course, to repay his FmHA loans